IN RE ROSENDO QUESADA VELAZCO, JUDGE OF THE DISTRICT COURT, Respondent.

No. 6. Submitted December 9, 1960.—Decided February 10, 1961.

*Hiram R. Cancio, Secretary of Justice, J. B. Fernández Badillo, Attorney General,* and *William Fred Santiago, Assistant Attorney General,* for The People. *Benjamín Ortiz, Yamil Galib,* and *Leopoldo Tormes García* for respondent.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

On August 6, 1959 the Attorney General of Puerto Rico filed a complaint in this Court against Rosendo Quesada Velazco, Judge of the District Court of Puerto Rico, charging him, in nine different counts, with immoral conduct not consistent with his office and also with neglect of his judicial duties.

On August 10 of the same year, we suspended the respondent from office ɛnd pay until the decision of this proceeding.

After some preliminary incidents, the respondent answered substantially denying the facts charged against him in the complaint and he also raised certain special defenses. The Court thereafter appointed Mr. José Villares Rodríguez, Judge of the Superior Court, as Special Master to hear and receive the evidence of the parties and subsequently certify and send it to this Court together with his findings of fact.

After the proper hearings, the Special Master has certified the evidence heard and received, and has submitted a report containing his findings of fact. Both parties have submitted their briefs to us. Therefore, we shall consider each one of the counts charged against the respondent.

### First Charge.

The respondent is charged herein with "having committed assault and battery against José Correa, a minor,

while a complaint against said minor was being investigated in respondent's office, on or about April 9, 1959, in the city of Salinas, Puerto Rico."

The evidence offered on this charge was conflicting. The evidence presented by the Attorney General tended to prove that while the respondent investigated a complaint filed against José Correa, a minor 17 years old, who had been accused of abusing of a girl and of having attacked her mother, the respondent got up from his desk, told José he was a bastard and slapped him twice. On the other hand, the evidence presented on behalf of the respondent tended to prove that he never attacked José and that all that respondent did was to grab him by his arms and shake him. The Special Master gave credence to this last version and concluded as follows: "When Judge Quesada reprimanded young José Correa Sánchez and called his attention for his assault upon and misconduct towards Gloria M. Colón and her daughter, the child María Virgen, the said minor answered the judge boldly, arrogantly, defiantly and disrespectfully (we received that same impression when he testified), boasting of the immunity which he believed he enjoyed for being under 18 years of age. Upon the disrespectful behavior of the minor, the respondent got up from his chair and grabbing him by the arms, shook him two or three times asking him by way of admonition and reminder whether he had a mother and sisters, threatening him with referring the case to the Juvenile Court."

Considering the respondent's version as true, we have to censure his behavior towards the aforesaid minor. However, this incident taken by itself and in the absence of other charges of violence or intemperance against the respondent in the exercise of his duties as judge, would not justify the imposition of any other disciplinary sanction.

## Second Charge

█ The respondent is charged with having made a written offer of acquittal to citizen Francisco Torres Sáez, who was accused of a violation of the Automobile and Traffic Act, and whom he actually acquitted on September 2, 1958, without a hearing and without receiving any evidence whatever of the case.

The Special Master made the following findings of fact in relation to this charge:

"Second Charge:—

"On August 16, 1958, in barrio Quebrada of Guayanilla, there was a collision between two vehicles, one driven by Mr. Carlos A. Pietri López and the other by Mr. Francisco Torres Sáez, for which reason both drivers were accused of a violation of the Automobile and Traffic Act (P. v. Carlos A. Pietri López, Criminal T-58-496, Exh. 4 of the People and P. v. Francisco Torres Sáez, Criminal T-58-498, Exh. 3 of the People), before the District Court of Puerto Rico, Guayanilla Part. The hearing of both cases was set for September 2, 1958, before said Part, the respondent presiding. Mr. Adolfo Dones, counsel for Mr. Torres Sáez, filed a motion for stay of proceedings which was granted and the hearing was transferred for September 23, by an order signed by the respondent. (Exh. 3 of the People.) On the afore-mentioned day, September 2, 1958, the hearing of the case of People v. Carlos A. Pietri López, Criminal Case No. T-58-496 took place in which the other defendant, Mr. Torres Sáez, testified. Mr. Rafael Toro Cubergé acted as counsel for defendant Pietri. After the evidence was presented, the respondent proceeded to acquit the defendant Pietri and he also sent a note to the other defendant, Torres Sáez, who was present at the court, and which literally read thus:

" 'Please phone your lawyer Dones and tell him whether he wants me to decide your case on the basis of the evidence of the other case ... I think that my decision would be to acquit you, but I am interested to know whether your lawyer agrees to this, since he asked for a stay of the proceedings.' " (Exh. 5 of the People.)

"We must indicate as a fact of utmost importance, that the evidence in both cases (in the Pietri and in the Torres Sáez

cases) was the same. The defendant Torres Sáez was acquitted that same day, September 2, 1958, after the respondent Judge had heard and considered the evidence presented in the Pietri case. Pietri's acquittal displeased Torres Sáez, wherefore he complained to the Secretary of Justice." (Report from the Special Master, pp. 2 and 3.)

These findings are fully supported by the evidence. We should add that the reason why the respondent acquitted Pietri López was that when he weighed the evidence offered in the case, he concluded that the collision between the vehicles of Pietri López and Torres Sáez was a casual accident. Consequently, the acquittal of Torres Sáez, the other defendant, was in due time inevitable. The record does not show that the favorable judgment rendered by the respondent for Torres Sáez was induced by any improper motives. His conduct, therefore, cannot be considered as immoral. However, his behavior in anticipating Torres, in writing, that he would acquit him of the offense charged against him was improper and deserves also our repudiation and censure.

### Third, Fourth and Fifth Charges

■ These three charges are interrelated. In the third count the respondent is charged with having acquitted Luz Deidad Rodríguez, on December 3, 1957, of a violation of the Automobile and Traffic Act (§ 17a), without having set a date for the hearing of the said case and without having held any trial whatsoever. In the fourth count the respondent is charged with having acquitted, on December 3, 1957, the same accused, Luz Deidad Rodríguez, from another violation to the Automobile Act (§ 17a), without neither having set a date for the hearing of the case nor holding any trial whatsoever. In the fifth count the respondent is charged with having acquitted Adrián Hilera Rosas, on December 3, 1957, of a violation of the Automobile Act (§ 12a), without setting a date for a hearing and without holding any trial.

In relation to these three charges, the Special Master made the following findings:

"Third Charge:—

"Luz Deidad Rodríguez Rivera was accused in the District Court of Puerto Rico, Guayanilla-Peñuelas Part, because on November 2, 1957, she violated § 17(a) of the Automobile Act, in criminal case number T-57-712. It was alleged that on the same day the defendant, while driving an automobile in Peñuelas, had run over Mr. Gerardo Rodríguez Rivera, in violation of the afore-mentioned section of the Act. The case was never set for hearing nor much less tried, but the respondent judge acquitted said defendant on December 3, 1957, after he made a reinvestigation of the case and concluded that the accused was not guilty of the accident since it was a casual one. (Exh. 6 of the People, pp. 323, 324 and 325 of respondent's testimony.)

"Fourth Charge:—

"On the same occasion (November 2, 1957) referred to in the third charge, it was alleged that said Luz Deidad Rodríguez Rivera was driving the automobile with which she ran over Gerardo Rodríguez, without being authorized to drive a motor vehicle in Puerto Rico, a complaint being filed against her (P. v. Luz Deidad Rivera Rodríguez, T-57-716, Exh. 8 of the People). Luz Deidad Rodríguez Rivera had paid on October 30, 1957 at the Collector's Office in Ponce, the sum of two dollars ($2.00) to obtain an apprentice license to drive motor vehicles (Exh. 4 A of the People). Said apprentice license or permit was issued to Mrs. Rodríguez on November 12, 1957 (Exh. 1 of the respondent). Thereafter, when these documents were shown to the respondent judge, he acquitted the said lady on December 3, 1957.

"The case against Luz Deidad Rodríguez Rivera (Criminal T-57-716) for driving a motor vehicle without being authorized to do so, was never set for hearing and much less tried, the respondent having acquitted her as we have said, on December 3, 1957. When the defendant was driving the automobile on that occasion, November 2, 1957, she was accompanied by Mr. Adrián Hilera Rosas, who was sitting by her side and who was authorized to drive motor vehicles in Puerto Rico by license number 40799 (Exh. 2 of the defendant).

"Fifth Charge:—

"Adrián Hilera Rosas was accused because on the above-mentioned date, November 2, 1957, he allowed Luz Deidad Rodríguez Rivera to drive his automobile while said lady was not authorized to drive motor vehicles in Puerto Rico, all this in violation of § 12 of the Automobile Act. A complaint was filed against Adrián Hilera Rosas for these facts in the criminal case number T-57-713 (Exh. 9 of the People). This case was never set for hearing and much less tried, but respondent judge acquitted the defendant on December 3, 1957, taking into consideration the facts which we have stated in the fourth charge. (See Exhs. 9 and 6 of the People, pp. 323, 324-25, respondent's testimony)." (Report from the Special Master, pp. 3 and 4.)

The following additional facts were also established in an incontrovertible way: The reinvestigation of the cases referred to by the Special Master in his findings consisted, according to respondent's own testimony, in that right after the occurrence of the facts which motivated the accusations against Luz Deidad Rodríguez and Adrián Hilera, the latter visited the respondent in his office in Guayanilla Part, and there showed him a voucher of payment from the Treasury Department, the apprentice license issued to Luz Deidad and his own driver's license of motor vehicles. Besides, Hilera gave him his own version of the way in which the accident occurred. On the basis of the above-mentioned documents and of Hilera's testimony rendered informally in the judge's chamber, the respondent proceeded to render judgment acquitting both defendants of the offenses charged against them.[1] A justice of the peace had found grounds for probable cause

---

[1] This behavior of respondent constitutes a clear violation of Canons VII and XII of Judicial Ethics, which provide that:

"VII

"A Judge should not grant private interviews to the parties or their attorneys, or permit communications or arguments by them designed to influence his judicial action in matters of his competency or submitted to him, where other interests which may be affected thereby are not represented before him, except in cases of ex parte petitions authorized by law, to which he should always give his most careful consideration.

against the defendant. In the complaint against Luz Deidad Rodríguez for violation of § 17(a) of the Automobile and Traffic Act, there appeared as witnesses for the prosecution Armando Pérez Arce, a policeman, Gerardo Rodríguez Rivera, and Elena Santiago de Jesús, the latter two residents of the Rucio ward of Peñuelas. In the other two complaints the policeman Armando Pérez Arce appeared as witness for the prosecution. The respondent did not hear these witnesses before deciding the cases in the manner explained above. However, he alleges that he committed this error because he was then just beginning his practice as a judge. The truth is that by that time it had been more than five months since the respondent had been acting as judge for the District Court. His behavior in that occasion could give rise to the inference that he acted on the basis of improper considerations. A judge who in open violation of the most elemental rules of criminal procedure, adjudges the facts in his chamber, behind closed doors and in the absence of the injured parties and of society, and who forms judgment and releases from responsibility people already accused before the court of the commission of public offenses, is hardly deserving of the public confidence.

### Sixth and Seventh Charges

■ In the sixth count the respondent is charged with having acquitted on March 4, 1958, Doroteo Madera Rivera, who was accused of a violation of a municipal ordinance then in effect, without hearing any evidence, since respondent believed that said ordinance was obsolete and unjust, thus showing gross negligence and a complete disregard of the law.

The seventh count contains a charge against the respondent similar to the one in the sixth count, with the difference

---

"XII

"A Judge should not discuss off the Bench any matter submitted to his consideration, or explain, after a matter is adjudged, the reasons for his official action."

that the person acquitted was another defendant named Pedro Juan Madera Cornier.

The findings of the Special Master in relation to these charges are the following:

"Sixth and Seventh Charges:—

"Doroteo Madera Rivera (sixth charge) and Pedro Juan Madera Cornier (seventh charge), were accused of violations of the Municipal Ordinance No. 10-1956-57 Peñuelas Series (Exh. 10 of the People) because 'they were engaged in the sale of oranges in a three-wheeled wooden cart, without a permit from the Mayor of this town.'

"The municipal ordinance regarding these cases and by reference in its § 3, only authorizes 'the Mayor to control *the parking of small wooden carts* (italics ours) or of stands used in peddling businesses in any of the streets of the town (by means) of a written permit' (Exh. 11 of the People).

"The hearing of these cases was set for and held on March 4, 1958. On said day the defendants appeared in court represented by attorney Llaugier Bosch and policeman Seda, the accuser. When the cases were called for hearing, and after the respondent judge had examined the accusations, he told the policeman that he did not have to testify, and the judge then acquitted both defendants (Exh. 6 of the People, p. 330). Aside from that fact the respondent in his testimony given to Mr. Bobonis, declared that the ordinance was 'obsolete and unjust,' the truth is that the complaints were based on *'selling oranges in a wooden cart* without a permit from the Mayor,' which is not forbidden by the ordinance. The ordinance merely forbids in an implicit way *'the parking of wooden carts* in the streets', since it authorizes the Mayor of Peñuelas to grant a written permit to that effect." (Report from the Special Master, pp. 4 and 5.)

We can consider at the most that the respondent committed an error of judgment in deciding both cases in the way mentioned above, but this does not amount to negligence or to a complete disregard of the law, since the facts alleged in the accusations did not constitute a violation of the municipal ordinance.

## Eighth and Ninth Charges
██ These charges literally read thus:

"Eighth Charge

"That the respondent Rosendo Quesada Velazco, while acting as judge of the District Court, showing an immoral conduct not consistent with his office, promised to help the counsel for a defendant in a criminal case to be tried before him. The help promised in the case of Israel Velázquez Quiñones, charged with a violation of the Weapons Act, materialized when the respondent personally visited the witnesses for the prosecution and told them that they did not have to go to the trial for which they had been summoned. When the case was called for the hearing and as the witnesses for the prosecution did not appear in court, the respondent acquitted the defendant on a motion of his counsel, on March 25, 1958.

"Ninth Charge

"That the respondent Rosendo Quesada Velazco, while acting as judge of the District Court, showing an immoral conduct not consistent with his office, promised to help counsel for a defendant in a criminal case to be tried before him. The help promised in the case of Israel Velázquez Quiñones, for disturbing the peace, materialized when the respondent personally visited the witnesses for the prosecution and told them that they did not have to go to the trial for which they were summoned. When the case was called for hearing and as the witnesses for the prosecution did not appear in court, the respondent acquitted the defendant on motion of his counsel on March 25, 1958." (Page 3 of the information.)

The evidence offered by the parties in relation to these two charges was in some points contradictory. However, after having carefully studied both the documentary evidence and the stenographic record, we are convinced that the Special Master did not commit error when he made the following findings of fact:

"Eighth and Ninth Charges:—

"Israel Velázquez Quiñones was accused of violating the Weapons Act and of Disturbing the Public Peace (Exhs. 13 and 14 of the People), which facts occurred on March 3, 1958

in 'El Faro' ward of Guayanilla. The cases were set and the witnesses summoned for hearing on March 25, 1958. Some days before the hearing and when the respondent judge accompanied Mr. Llaugier Bosch, attorney for defendant Velázquez Quiñones, from Ponce to Guayanilla, said attorney declared to respondent that he was deeply worried with the fate of his client in both cases, to which the respondent answered not to worry because he (the judge) would help him. The witnesses for the prosecution in that case were: Elba Iris González Rodríguez, Nelly Figueroa Román, Dalila Rodríguez Rodríguez, Edwin Figueroa Román, and Gregorio Figueroa, all of whom were related.

"Some days before the hearing of the case, the respondent Judge went to the house of Mr. Gregorio Figueroa, a witness in the case, and not finding him there, told his daughter Nelly Figueroa Román, who was also a witness for the People, that the witnesses in the cases against Israel Velázquez Quiñones did not have to appear at the trial and he asked her to tell this to her father and to the other witnesses for the prosecution. Elba Iris González, another witness of the case and a sister-in-law of Nelly Figueroa Román, had gone to the United States at the time.

"On March 25, 1958, the day previously set for the hearing, the defendant Israel Velázquez Quiñones appeared in court represented by Mr. Llaugier Bosch. The cases were called and since the witnesses for the prosecution did not appear, Judge Rosendo Quesada Velazco, upon petition of Attorney Llaugier Bosch, acquitted the defendant in both cases. No warrants of arrest were issued against the witnesses for the prosecution for their nonappearance in court at the hearing of the cases." (Report from the Special Master, pp. 5 and 6.)

These two charges have been fully proved. They are serious indeed. The conduct observed by the respondent can only be classified as improper and immoral. The evidence of these charges as well as that of the third, fourth and fifth charges reveal unequivocally the incapacity of the respondent to perform the duties of a Judge of the District Court. His conduct does not deserve public confidence. See § 24 of the Judiciary Act. *In re Escalera*, 75 P.R.R. 40.

■ Finally, we shall consider a special defense raised by the respondent in his plea. The respondent alleges that Mr. Justice Serrano Geyls had no authority to determine probable cause and to order further proceedings.

In view of our order of July 9, 1959, decreeing a recess of the Court and designating Mr. Justice Serrano Geyls as Acting Chief Justice and as Judge in Vacation during the recess, and in view of §§ 6 and 24 of the Judiciary Act of the Commonwealth of Puerto Rico, Act No. 11 of July 24, 1952, as amended (4 L.P.R.A. §§ 33 and 232), we dismiss said defense as frivolous.

In view of the foregoing an order is hereby issued decreeing the removal of respondent Rosendo Quesada Velazco from office as Judge of the District Court of Puerto Rico, said removal to take effect on August 10, 1959, on which date we suspended him from office and pay.

Mr. Justice Hernández Matos was of the opinion that the separation of respondent from his office of district judge should become effective on the date of this order.

Mr. Chief Justice Negrón Fernández, Mr. Justice Santana Becerra and Mr. Justice Serrano Geyls did not participate herein.